OPINION
{¶ 1} Eugene Roberts appeals from his conviction and sentence in the County Court of Montgomery County, Area One, on one count of falsification in violation of R.C. 2921.13.
 {¶ 2} Roberts advances two assignments of error on appeal. First, he contends the trial court erred in qualifying a handwriting examiner as an expert without giving defense counsel an opportunity for cross examination. Second, he argues that his conviction is against the manifest weight of the evidence.
 {¶ 3} The present appeal stems from Roberts' agreement to rent a home from Charles Hughes. After Roberts moved into the home, Hughes attempted to evict him for non-payment of rent. In a forceable entry and detainer action, Hughes produced a lease agreement that appeared to bear Roberts' signature. However, Roberts insisted that his signature was a forgery, and he gave a sworn police report to that effect. Document examiner Julie Bowling examined the signature at the Miami Valley Regional Crime Laboratory and determined that it was not a forgery. As a result, Roberts was charged with falsification. The trial court subsequently found him guilty and imposed a six-month suspended sentence. Roberts then filed a timely appeal, advancing the two assignments of error set forth above.
 {¶ 4} In his first assignment of error, Roberts contends the trial court erred in qualifying Julie Bowling as an expert handwriting examiner without giving his attorney an opportunity for cross examination. As a result, he argues that all of her testimony should have been stricken. Upon review, we find this argument to be unpersuasive. The record reflects that the prosecutor examined Bowling at some length concerning her qualifications as a document examiner. (See Trial transcript at 13-19). The prosecutor then asked the trial court to consider her an expert witness. In response, defense counsel stated, "I'll object your Honor," but did not request an opportunity to cross examine Bowling. The trial court overruled the objection. (Id. at 19).
 {¶ 5} On appeal, Roberts speculates that defense counsel might have been able to elicit information showing that Bowling was unqualified to testify as an expert. We note, however, that defense counsel never sought to cross examine Bowling, electing instead to raise a general objection as to the qualifications established by the prosecutor. Although it would have been better for the trial court to offer an opportunity for cross examination, in the absence of a request by defense counsel we cannot say the trial court abused its discretion in overruling the objection and treating Bowling as an expert. Even if the trial court erred in not offering an opportunity for cross examination, defense counsel waived all but plain error by failing to bring the issue to the trial court's attention. Having reviewed the record, we find no plain error. Accordingly, we overrule Roberts' first assignment of error.
 {¶ 6} In his second assignment of error, Roberts asserts that his conviction is against the manifest weight of the evidence. When a conviction is challenged on appeal as being against the manifest weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52. A judgment should be reversed as being against the manifest weight of the evidence "only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Martin (1983), 20 Ohio App.3d 172, 175.
 {¶ 7} In the present case, Roberts argues only that Bowling's expert testimony should be excluded for the reason discussed above and that his conviction is against the manifest weight of the remaining evidence. Upon review, we find this argument to be without merit. As set forth supra, the trial court did not err in allowing Bowling to testify as an expert witness, and her testimony as to the authenticity of Roberts' signature was properly admitted. In addition, Charles Hughes and his wife, Prisella, both testified that they saw Roberts sign the document in question. Although Roberts offered testimony to the contrary, we cannot say that the trier of fact clearly lost its way and created a manifest miscarriage of justice. The evidence does not weigh heavily against Roberts' conviction. Accordingly, we overrule his second assignment of error and affirm the judgment of the County Court of Montgomery County, Area One.
Judgment affirmed.
WOLFF, J., and YOUNG, J., concur.